## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GRAPHIC COMMUNICATIONS LOCAL 1B HEALTH & WELFARE FUND "A"; and THE TWIN CITIES BAKERY DRIVERS HEALTH AND WELFARE FUND, individually and on behalf of all others similarly situated, | Civil Action No.<br><br>Judge |
| Plaintiffs, | |
| v. | |
| CVS CAREMARK CORPORATION ; CVS PHARMACY, INC. ; CAREMARK, LLC ; CAREMARK MINNESOTA SPECIALTY PHARMACY, LLC ; CAREMARK MINNESOTA SPECIALTY PHARMACY HOLDING, LLC ; COBORN'S INCORPORATED ; KMART HOLDING CORPORATION ; SEARS, ROEBUCK AND CO. ; SEARS HOLDINGS CORPORATION ; SNYDER'S DRUG STORES (2009), INC. ; SNYDER'S HOLDINGS (2009), INC. ; SNYDER'S HOLDINGS, INC. ; TARGET CORPORATION ; WALGREEN CO. ; and WAL-MART STORES, INC., | |
| Defendants. | |

## JOINT NOTICE OF REMOVAL

COME NOW Defendants CVS Caremark Corporation, CVS Pharmacy, Inc.,

Caremark, LLC, Caremark Minnesota Specialty Pharmacy, LLC, Caremark Minnesota

Specialty Pharmacy Holding, LLC, KMart Holding Corporation, Sears, Roebuck and Co.,

Sears Holding Corporation, Wal-Mart Stores, Inc., and Walgreen Co. (collectively,

CHI-1716911v3

"Removing Defendants"),with the consent of Defendants Coborn's Incorporated, Snyder's Drug Stores (2009), Inc., Snyder's Holdings (2009), Inc., Snyder's Holdings, Inc., and Target Corporation, by and through their attorneys, and pursuant to 28 U.S.C. §§ 1331, 1332, and 1453, and hereby give notice of removal of this action from the Fourth Judicial District for the County of Hennepin, State of Minnesota, to the United States District Court for the District of Minnesota. Removing Defendants file this removal with the full knowledge and consent of each of the other Defendants in this action.[1] As grounds for the removal, Removing Defendants state as follows:

## I.     INTRODUCTION

This case is removable under the Class Action Fairness Act of 2005, P.L. 109-2, as codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA") and under 28 U.S.C. § 1331, federal question jurisdiction. All of the requirements of CAFA are satisfied in this case. The putative class consists of at least 100 members, the citizenship of at least one proposed member is different from that of at least one of the Removing Defendants, and the amount in controversy, after aggregating all of the putative class members' claims as

---

[1] Each of the Defendants has decided to join or consent in this single notice of removal in order to avoid a multiplicity of notices of removal. Each Defendant is represented by separate counsel and preserves its right to assert its independent interests as to any issue or matter, including with respect to any issues or matters relating to the above-titled action. By joining or consenting in this single notice of removal, no Defendant authorizes any other party to act on its behalf as to any matter or any issue relating to the above-titled action. Each of the Defendants reserves all rights, including defenses and objections as to venue, personal jurisdiction, and service, and the filing of this notice of removal is subject to, and without waiver of, any such defenses and objections.

CHI-1716911v3

alleged in the Complaint, exceeds $5 million, exclusive of interest and costs.  In addition, Plaintiffs' Complaint raises substantial federal questions.

## II.    PROCEDURAL HISTORY

1.     Plaintiffs Graphic Communications Local 1B Health & Welfare Fund "A" and The Twin Cities Bakery Drivers Health and Welfare Fund (collectively, "Plaintiffs"), on behalf of themselves and purportedly all others similarly situated, initiated this proceeding by serving Removing Defendants with the Summons and Complaint in the Fourth Judicial District, County of Hennepin, no earlier than July 23, 2009.

2.     This Notice of Removal is filed within 30 days of the earliest receipt by a Removing Defendant, through service or otherwise, of a copy of Plaintiff's Complaint. Removal, therefore, is timely.  28 U.S.C. § 1446; *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

3.     A copy of the entire state court docket, including the Complaint and Summons, is attached as Exhibit A.  Exhibit A includes all process, pleadings and orders served upon Removing Defendants in this action.

4.     Removing Defendants or their subsidiaries or affiliates all operate pharmacies in Minnesota.  Plaintiffs bring claims against Removing Defendants and other Minnesota pharmacies for alleged overcharges to businesses and consumers related to the sale of generic drugs.  (Cmplt. ¶ 1.)  Specifically, Plaintiffs assert claims for alleged violations of Minnesota's generic drug pricing statute (*id.* ¶ 52), the Minnesota Consumer Fraud Act (*id.* ¶ 58), and for unjust enrichment (*id.* ¶ 62).

- 3 -

## III.   BASIS FOR REMOVAL UNDER CAFA

This Court has original diversity jurisdiction over this action pursuant to the provisions of CAFA because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one proposed class member is different from that of at least one of the Removing Defendants; and (3) the matter in controversy, after aggregating the sum or value of each class member's claim, exceeds $5 million, exclusive of interest and costs.

### A.   The Proposed Class Consists of at Least 100 Putative Members.

5.     Plaintiffs request that the class be defined as "[a]ll purchasers or payment sources for generic prescription drugs dispensed by the Defendants in the state of Minnesota on or after July 28, 2003." (Cmplt. ¶ 49.)

6.     According to the Complaint, Minnesota pharmacies filled 53 million prescriptions in 2007 alone. (*Id.* ¶ 32.) Because Plaintiffs' purported class encompasses *all* purchasers of generic prescription drugs on or after July 28, 2003, the number of putative members is far in excess of 100.[2]

### B.   Diversity of Citizenship.

7.     Plaintiff Graphic Communications Local 1B Health & Welfare Fund "A" alleges that it is an employee welfare benefit plan with its principal offices in St. Paul, Minnesota. (Cmplt. ¶ 2.) According to the Complaint, its participants are residents of the

---

[2] Removing Defendants do not concede that the alleged class exists, or that the alleged class can or should be certified. Instead, Removing Defendants simply state that the class as conceived and alleged by Plaintiffs must exceed 100 members.

State of Minnesota. (Cmplt. ¶ 5.) The Graphic Communications Fund Trustees and participants are citizens of Minnesota.

8.  Plaintiff The Twin Cities Bakery Drivers Health and Welfare Fund alleges that it is an employee welfare benefit plan with its principal offices in Eagan, Minnesota. (Cmplt. ¶¶ 3, 4.) According to the Complaint, its participants are residents of the State of Minnesota. (Cmplt. ¶ 5.) The Twin Cities Bakery Drivers Fund Trustees and participants are citizens of Minnesota.

9.  Plaintiffs allege that CVS Caremark Corporation is a Rhode Island corporation. (Cmplt. ¶ 7.) In fact, it is a Delaware corporation with its corporate headquarters in Rhode Island.

10.  Plaintiffs allege that Sears, Roebuck and Co. is a New York corporation. (Cmplt. ¶ 17.) Sears, Roebuck and Co. has its corporate headquarters in Illinois.

11.  Plaintiffs allege that Wal-Mart Stores, Inc. is a Delaware corporation. (Cmplt. ¶ 27.) Wal-Mart Stores, Inc. has its corporate headquarters in Arkansas.

12.  Plaintiffs allege that Walgreen Co. is an Illinois corporation. (Cmplt. ¶ 25.) Walgreen Co. has its corporate headquarters in Illinois.

13.  Under 28 U.S.C. § 1332(d)(2)(A) as amended by P.L. 109-2, because there is diversity of citizenship between at least one proposed class member and at least one Removing Defendant, the diversity of citizenship requirement is satisfied.

**C.  The Aggregate Amount in Controversy Exceeds $5 million.**

14.  Removal under CAFA is appropriate when the proponent of federal jurisdiction has shown "by a preponderance of the evidence that the amount in

CHI-1716911v3

controversy is satisfied." *Bell v. The Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009).

Under this standard, "[t]he jurisdictional fact ... is not whether the damages *are* greater

than the requisite amount, but whether a fact finder *might* legally conclude that they

are...." *Id. citing Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis in original).

Once the removing party has met that standard, remand is appropriate only where "it is a

legal certainty that a judgment will be less than the jurisdictional amount." *Bell*, 557 F.3d

at 956.

      15.    In their Complaint, Plaintiffs seek monetary compensation in "the

aggregate amount of the difference between the acquisition cost of the generic drug

dispensed and the brand-name drug prescribed that Defendants have failed to pass on to

Plaintiffs." (Cmplt. at Relief Sought.)  In addition, Plaintiffs seek restitution and the

imposition of a constructive trust of all funds obtained by Defendants as a result of

alleged violations of the generic drug pricing statute, all relief available under the

Minnesota Consumer Fraud Act, pre-and post-judgment interest, declaratory and

injunctive relief, attorneys' fees and costs, and "[a]ny other relief which is just and

appropriate." (*Id.*)

      16.    Plaintiffs' allegations are broad in scope.  The purported class includes

"[a]ll purchasers or payment sources for generic prescription drugs dispensed by the

Defendants in the state of Minnesota on or after July 28, 2003." (Cmplt. ¶ 49.)  Many of

the major national pharmacies that operate in Minnesota are named as defendants. (*Id.* ¶¶

5-27.)

CHI-1716911v3

17.     Plaintiffs allege systemic violations.  Specifically, Plaintiffs allege that the Defendants "routinely violate . . . [Minnesota] law and . . . generate higher profits for themselves." (Cmplt. ¶ 1.)  The Complaint labels these purported "overcharges" as "pricing practices."  (*Id.*)

18.     Here, based solely on the allegations contained in the Complaint, it cannot reasonably be questioned that Plaintiffs seek substantially more than $5 million.  Indeed, the Complaint refers to figures in the billions.  For instance:

(a)     The Complaint states that retail sales for prescription drugs in Minnesota in 2007 alone amounted to $3.2 billion.  (Cmplt. ¶ 32.)  In that same year, according to the Complaint, 53 million retail prescriptions were filled in Minnesota. (Cmplt. ¶ 32.)

(b)     Plaintiffs further allege that generic prescription drugs "account for approximately 70 percent of all prescription drug purchases in the United States." (*Id.* ¶ 33.)  Translating Plaintiffs' alleged national figures to Minnesota would suggest that there were approximately 37 million generic prescriptions filled in Minnesota in 2007 (70 percent of 53 million).

(c)     Plaintiffs seek damages for a six-year period, July 28, 2003 – July 23, 2009. (Cmplt ¶ 49.)

(d)     Based on Plaintiffs' allegations and the application of those figures to Minnesota, if there were 37 million generic prescriptions filled in 2007, and a constant number of prescriptions over the past six years, there would be approximately 220 million generic prescriptions potentially at issue in this case.

CHI-1716911v3

(e)     Plaintiffs' counsel brought three substantially similar lawsuits in Michigan and another firm with whom counsel coordinates brought two substantially similar lawsuits in West Virginia.  In one of the Michigan actions, *State of Michigan ex rel. Marcia Gurganus v. CVS Caremark Corporation, et al.*, 09-03411 (17th Judicial Circuit, Kent County Michigan), the plaintiff describes a typical "overcharge" of the type also at issue in this case, citing an example from <u>Minnesota</u> of an alleged "overcharge of approximately $8.14."  (State of Michigan Complaint attached as Exhibit B, at ¶ 58.)  In light of the number of transactions potentially at issue, where the alleged overcharges approach $8.14, the amount in controversy is exceeded by several orders of magnitude.

19.     The above numbers are calculated before consideration of attorneys' fees which Plaintiffs seek.  *See e.g. Kates v. Chad Franklin Nat. Auto Sales North LLC*, 2008 WL 3065009 *2 (W.D. Mo. July 30, 2008) (denying remand under CAFA and noting that, where plaintiff alleged $900,000 in actual damages, "the court can easily imagine how $900,000 in actual damages, combined with punitive damages and attorneys' fees, could exceed the jurisdictional threshold").

20.     Plaintiffs' allegations of routine pricing violations in light of the amount of money and number of prescriptions allegedly at issue leads to the inevitable conclusion that Plaintiffs are seeking an award that easily exceeds $5 million.  Certainly, at least, "a fact finder *might* legally conclude that" there is $5 million in issue – and that is all that is required.  *Bell*, 557 F.3d at 959.

21.     Finally, if Plaintiffs wished to limit their cause of action to under $5 million, they could have filed an affidavit to that effect and thus avoided removal. *Bell*, 557 F.3d at 958. Plaintiffs did not.

22.     In addition, none of the exceptions to jurisdiction under CAFA, set forth in 28 U.S.C. §§ 1332(d)(3)-(4), apply here. Acceptance of jurisdiction is therefore mandatory.

23.     Accordingly, the requisite amount in controversy for federal jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), as amended by P.L. 109-2, is satisfied.[3]

## IV.     BASIS FOR FEDERAL QUESTION REMOVAL

24.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because the claims in the Complaint raise a disputed and substantial federal issue. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) (original federal jurisdiction pursuant to 28 U.S.C. § 1331 over state-law claims that involved substantial questions of federal law). Among other things, the Complaint implicates substantial questions under the Federal Medicaid program. *See West Virginia v. Eli Lilly Co.*, 476 F. Supp. 2d 230 (E.D.N.Y. 2007) (state-law claims involving alleged injuries arising from payments for drugs made as part of its participation in the Federal Medicaid program properly removed because the complaint raised a substantial Federal issue); *In re Pharm. Indus. Average Wholesale Price Litig.*, 457 F. Supp. 2d 77 (D. Mass. 2006)

---

[3] Removing Defendants do not agree or concede that Plaintiffs or any proposed class member will be entitled to such relief or any other relief sought in the Complaint. However, Plaintiffs' Complaint fixes the right of the Defendant to remove. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

CHI-1716911v3

(state-law claims that were based on the Federal Medicare program properly removed because the complaint raised a substantial federal issue); *see also In re Zyprexa Prods. Liab. Litig.*, No. 04-MD-1596, 2008 WL 398378 (E.D.N.Y. Feb. 12, 2008) (state-law claims based upon participation in the Federal Medicaid program properly removed because the complaint raised decisive federal questions).

### V.   PROCEDURAL REQUIREMENTS ARE SATISFIED.

25.   This lawsuit is a civil action within the meaning of the acts of Congress relating to removal of cases.

26.   This Notice of Removal is timely filed under 28 U.S.C. § 1446(c) because it is being filed within thirty (30) days of the receipt by the Removing Defendants of the Summons and Complaint in this action.

27.   Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal is being filed with the Fourth Judicial District, County of Hennepin, a copy of which is attached hereto as Exhibit C.

28.   The prerequisites for removal under 28 U.S.C. §§ 1441, 1446 and 1452, have been met. If any questions arise as to the propriety of the removal of this action, Removing Defendants request the opportunity to present a brief, oral argument, and further evidence necessary in support of its position that this case is removable.

29.   In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

30.   Removing Defendants consulted with all of the defendants in this action and each has consented to and concurs with the removal.  (Ex. D, Consents to Removal.)

Dated: August 21, 2009
Respectfully submitted,

/s/ David R. Marshall

David R. Marshall (#184457)
Joseph J. Cassioppi (#388238)
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN  55402
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

*Of counsel*
Tina M. Tabacchi
Adam W. Wiers
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:    (312) 782-3939
Facsimile:    (312) 782-8585

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.**

Respectfully submitted,

/s/ Aaron F. Biber

Aaron F. Biber
Jason J. Stover
GRAY PLANT MOOTY
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 632-3394
Facsimile:  (612) 632-4394

*Of counsel*
Frank E. Pasquesi
Robert H. Griffith
Andrea K. Zollett
FOLEY & LARDNER LLP
321 N. Clark St.
Suite 2800
Chicago, IL  60654
Telephone:        (312) 832-4500
Facsimile:        (312) 832-4700

**ATTORNEYS FOR DEFENDANTS
CVS CAREMARK CORPORATION;
CVS PHARMACY, INC.;
CAREMARK, LLC; CAREMARK
MINNESOTA SPECIALTY
PHARMACY, LLC;
CAREMARK MINNESOTA
SPECIALTY PHARMACY
HOLDING, LLC**

CHI-1716911v3

/s/ Tracy J. Van Steenburgh
Tracy J. Van Steenburgh
Atty. Reg. No. 141173
HALLELAND LEWIS NILAN &
JOHNSON, P.A.
600 U. S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Phone:  612-338-1838
Fax:  612-338-7858
tvan@halleland.com

**ATTORNEYS FOR SEARS HOLDING
CORPORATION, SEARS ROEBUCK
AND CO., AND KMART HOLDING
CORPORATION**

/s/ William L. Greene
William L. Greene (#198730)
Todd A. Noteboom (#240047)
David A. Applebaum (#350606)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street
Suite 2300
Minneapolis, Minnesota 55402
Telephone:   (612) 335-1500
Facsimile:   (612) 335-1657

**ATTORNEYS FOR DEFENDANT
WALGREEN CO.**

CHI-1716911v3

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2009, I filed the foregoing Joint Notice of Removal with the Clerk via electronic mail, and that I caused the same to be served by hand delivery upon the following:

David L. Hashmall
Felhaber, Larson, Fenlon & Vogt
220 S. Sixth Street, Suite 2200
Minneapolis, MN  55402
(612) 339-6321

James K. Langdon (#171931)
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN
(612) 340-2600

Wendy J. Wildung (#117055)
Faegre & Benson LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
(612) 766-7000

Gregory J. Stenmoe (#131155)
Britt M. Gilbertson (#034977x)
Briggs and Morgan, P.A.
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 977-8400

I further certify that on August 21, 2009, I caused the foregoing Joint Notice of Removal to be served upon the following by depositing in the United States Mail, postage prepaid:

Bryan R. Walters
Varnum LLP
Bridgewater Place, P.O.Box 352
Grand Rapids, MI  49501-0352
(616) 336-6000

s/David R. Marshall
One of the Attorneys for Wal-Mart

4608469_1.DOC

CHI-1716911v3